IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ALABAMA DEPARTMENT OF           *
CONSERVATION, MARINE RESOURCES  *
DIVISION, *et al.*,             *
                                *
     Plaintiffs,                *
                                *
vs.                             *      Civil Action
                                *      No. 08-00326-KD-B
WARREN ALLOY VALVE & FITTING    *
COMPANY, LP*, et al.*,          *
                                *
     Defendants.                *

ORDER

     This case is before the Court on Plaintiffs' Motion to Compel
Discovery (Doc. 95).   In their motion, Plaintiffs allege that
Defendant Warren Alloy Valve & Fitting Company, LP (hereinafter
"Warren Alloy") was served with interrogatories and a request for
production of documents on August 20, 2008, and that despite
repeated requests, Defendant had failed to respond to Plaintiffs'
discovery requests.   Plaintiffs request an order compelling
Defendant Warren Alloy to respond to Plaintiffs' discovery
requests, and an award of attorneys' fees and costs incurred in
connection with their motion to compel.   In response to Plaintiff's
motion, Defendant Warren Alloy asserts that its discovery responses
were served in April 2009, and that a verified response would be
provided on April 13, 2009, when Jordan Finn, at Warren Alloy,
returned.   Defendant's only explanation for its failure to timely
serve the discovery responses is that Mr. Finn has been out of the

country over the past several months, and that defense counsel mistakenly believed that the responses had been finalized and served.

As a threshold matter, the Court finds that Defendant Warren Alloy has waived any objections to Plaintiffs' discovery requests. The evidence is undisputed that the subject discovery requests were served on Defendant in August 2008, and that despite numerous requests from counsel for Plaintiffs, Defendant's discovery responses were not provided until *after* the instant motion to compel was filed. Accordingly, Defendant has waived any objections, and is **ORDERED** to provide verified responses to Plaintiffs' discovery requests by **April 24, 2009,** to the extent it has not done so already. United Steelworkers of America v. IVACO, Inc., 2003 U.S. Dist. LEXIS 10008(N.D. Ga.)(As a general rule, when a party fails to object timely to discovery requests, such objections are waived.) Additionally, Defendant is **ORDERED** to undertake a diligent search for any documents within its custody, control or possession that are responsive to Plaintiffs' production requests. To the extent this search uncovers any responsive documents, which have not been previously made available, Defendant is **DIRECTE**D to make such documents available to Plaintiffs no later than **April 24, 2009**.

Rule 37 of the Federal Rules of Civil Procedure provides that the Court must compel disclosure and enter sanctions against

2

individuals who fail to make disclosures or participate in discovery. The rule provides, in pertinent part, that:

> If the motion [to compel] is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

In the case sub judice, the undersigned finds that Defendant has hampered discovery. Although Defendant was properly served with interrogatories and a request for the production of documents in August 2008, Defendant made no effort to comply with the request until *after* Plaintiffs filed the instant motion to compel. Defendant's assertion that Mr. Finn has was out of the country over the past several months, and that defense counsel mistakenly assumed that the responses had been served does not justify Defendant's failure to respond to a discovery request that was served more than six months ago. Accordingly, the Court finds, pursuant to Rule 37, that an award of sanctions against Defendant and its counsel is appropriate in this case. Accordingly, Plaintiffs are **ORDERED** to

3

file, by **April 24, 2009**, a fee petition detailing their reasonable expenses and attorney fees incurred in filing this motion. Defendant shall file any objections to the accounting statement no later than **May 1, 2009.**

     **DONE** this the **20th** day of **April, 2009.**

                             **\_\_\_\_\_/s/ Sonja F. Bivins\_\_\_\_\_**
                             **UNITED STATES MAGISTRATE JUDGE**